FILED
APR 1 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEIGH-DAVIS GLASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 0647 |
| ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### TRANSFER ORDER

This matter comes before the Court on review of plaintiff's *pro se* complaint. The Court will transfer this case to the United States District Court for the Central District of California.

Plaintiff is a federal prisoner who currently is incarcerated at the Federal Prison Camp - Victorville in Adelanto, California. She alleges that her creditors have "tricked her into a fraudulent loan" and subjected her to usury. Compl. at 4. In addition, she alleges that the Los Angeles County Sheriff falsely imprisoned her, that other law enforcement officers have beaten and sexually harassed her. *Id.* With regard to her current incarceration, she alleges that BOP staff retaliate against her for filing inmate grievance, destroy her legal papers and personal property, mishandle her mail, and deny her medical treatment. *Id.* at 5. As compensation for the emotional and physical damages she suffers, plaintiff demands $12,500,000 and injunctive relief. *Id.*

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:



> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001).

Plaintiff describes events occurring in California, the state where most defendants and potential witnesses likely are found. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F. Supp. 2d at 66. Therefore, in the interests of justice, this action will be transferred. A ruling on plaintiff's motion to proceed *in forma pauperis* is left for the transferee court to decide.

Accordingly, it is hereby

ORDERED that that the case be TRANSFERRED to the United States District Court for the Central District of California.

SO ORDERED.

/s/ Royce C. Lamberth
United States District Judge

Date: 4/8/08